# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 21-0491 (**Harrison County 01-F-121-3)

**Gordon Ray Bays, Jr.,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Gordon Ray Bays, Jr., by counsel David Mirhoseini, appeals the Circuit Court of Harrison County's May 25, 2021, order denying his petition for a writ of error coram nobis. Respondent the State of West Virginia, by counsel Patrick Morrisey and Katherine M. Smith, filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was indicted on one count of sexual assault in the second degree and one count of sexual abuse in the third degree. He entered into a plea agreement whereby the State agreed to dismiss the sexual abuse in the third degree charge (count two) and petitioner agreed to plead guilty to sexual abuse in the third degree as a lesser included offense of sexual assault in the second degree (count one). Petitioner was required to comply with the requirements set forth in the Sex Offender Registration Act and submit to HIV-related testing and DNA sampling. Pursuant to the plea agreement, the State agreed to recommend that petitioner be sentenced to thirty days in the Harrison County Correctional Center and given credit for time previously served. However, as part of the agreement, petitioner acknowledged that the circuit court was not bound by any recommendations made by the State and petitioner had no right to withdraw his plea if the court did not accept the recommendations contained in the plea agreement.

During the plea hearing, petitioner acknowledged that he understood the nature of the charges against him and the penalties involved. Petitioner also acknowledged that he had fully consulted with his counsel and was satisfied with his counsel's performance. Petitioner further affirmed his obligation under the Sex Offender Registration Act, West Virginia Code §§ 15-12-1

1

to -10 ("the Act") to register for life because the victim was under the age of eighteen at the time of the offense. He signed the Lifetime Notice of Sex Offender Registration Requirements on the date of his guilty plea. At the conclusion of the hearing, the circuit court found that petitioner entered his guilty plea voluntarily, he understood the nature of the charges against him, he was fully advised by his counsel and understood counsel's advice, and petitioner knew what he was doing in admitting his guilt. The court accepted petitioner's guilty plea and sentenced him to ninety days in the Harrison County Correctional Center on July 6, 2001, with credit for time served. On September 25, 2001, petitioner's sentence was reduced from ninety days to eighty-three days with credit for time served, with the same sex offender registration requirements. Petitioner did not appeal his conviction or sentence, and he was released from incarceration on September 26, 2001.

Petitioner was indicted and convicted for failing to register as a sex offender on February 26, 2015, and he was sentenced to ten to fifteen years of incarceration. Petitioner, acting as a self-represented litigant, filed a petition for a writ of habeas corpus on July 2, 2020, which the circuit court dismissed without prejudice because petitioner was not serving a sentence of incarceration on the underlying felony. Thereafter, petitioner requested the appointment of counsel to assist in filing a petition for writ of error coram nobis, and the circuit court granted that motion. Counsel then filed a petition for writ of error coram nobis on February 26, 2021, asserting four grounds for relief: (1) ineffective assistance of counsel; (2) improper imposition of lifetime registration requirements under the Sex Offender Registration Act; (3) double jeopardy; and (4) the circuit court's failure to adhere to the terms of the plea agreement.

On May 25, 2021, the circuit court entered its order denying petitioner's petition for a writ of error coram nobis. In that order, the circuit court noted that it was petitioner's belief that the plea agreement included a recommendation by the State that petitioner place his name on the sex offender registry for ten years or until 2011; however, the circuit court found that the plea agreement did not contain any such language. The court also pointed out that petitioner filed his petition for a writ of habeas corpus in 2020, nineteen years after his conviction and after multiple arrests for violations of the requirements of the Sex Offender Registration Act. The circuit court found that petitioner faces adverse consequences due to his conviction; registration as a sex offender for life has social and legal consequences; and petitioner seeks relief based on the alleged denial of his fundamental constitutional rights, including ineffective assistance of counsel and protection against double jeopardy. It, therefore, held that petitioner was entitled to seek relief from his conviction in a petition for writ of error coram nobis.

The circuit court then examined each of the grounds set forth by petitioner in his request for relief. Petitioner argued below that lifetime sex offender registration is "effectively a life sentence" in violation of the constitutional prohibition against cruel and unusual punishment. However, the indictment alleged that petitioner's victim was under sixteen years old and at least four years younger than petitioner at the time of the offense, and during petitioner's plea hearing the State provided a factual basis for the plea, including that the victim was fourteen years old at the time of the offense. During his plea hearing, the circuit court advised petitioner of his obligations under the Sex Offender Registration Act and that he would be required to register for life. According to the circuit court in the coram nobis action, the record supports the fact that petitioner understood that the nature of the offense to which he pled guilty required him to register as a sex offender for the rest of his life. It went on to find that "[t]o the extent [petitioner] asserts

2

that lifetime registration under the Sex Offender Registration Act amounts to cruel and unusual punishment, [petitioner's] argument is without merit."

With regard to the double jeopardy issue, the circuit court found that petitioner's argument misstated the record in this case. Petitioner and the State entered into a plea agreement whereby the State would dismiss count two of the indictment, charging petitioner with sexual abuse in the third degree. Petitioner "agreed to plead to a lesser included offense of . . . Sexual Assault in the Second Degree, a felony. The lesser included offense of Count One was Sexual Abuse in the Third Degree, a misdemeanor." It further found that "[t]he offense for which [petitioner] accepted a plea was a separate offense than the offense contained within Count Two of the [i]ndictment." The circuit court concluded that petitioner was not subjected to double jeopardy and did not plead to a dismissed charge so that alleged error was without merit. In addressing petitioner's allegation of ineffective assistance of counsel, the circuit court found that petitioner had failed to provide evidence to support his general assertion and that no specific examples had been provided to show that counsel's alleged lack of investigation and failure to hire a sexual abuse expert altered the outcome of the case. It, therefore, found that the assignment of error was without merit.

The circuit court also found that petitioner incorrectly asserted a violation of his constitutional rights and the West Virginia Rules of Criminal Procedure when the court refused to accept a term within the plea agreement, specifically that petitioner would be placed on the sex offender registry for only ten years. The circuit court found that that was "factually wrong" because no such term was included in the plea agreement; instead, the agreement was silent on that issue. The court further noted that even if it accepts a plea agreement, the court is not bound by a recommendation made by the State for a particular sentence. Therefore, that alleged error was also without merit. Petitioner appeals from the circuit court's May 25, 2021, order denying his petition for a writ of error coram nobis.

As we have previously found in coram nobis cases:

> We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

> Syl. pt. 2, in part, *Walker v. West Virginia Ethics Comm'n*, 201 W. Va. 108, 492 S.E.2d 167 (1997). *Accord State v. Murray*, 235 W. Va. 312, 319, 773 S.E.2d 656, 663 (2015).

*State v. Hutton*, 239 W. Va. 853, 857, 806 S.E.2d 777, 781 (2017).

First, we note that petitioner's brief was filed pursuant to Rule 10(c)(10)(b) of the West Virginia Rules of Appellate Procedure.[1] The brief filed by counsel contains only a statement of

---

[1] Rule 10(c)(10)(b) provides:

(Continued . . .)

the case and a conclusion. Petitioner's brief, filed as a self-represented litigant, is a single-page handwritten brief. Rather than addressing the five assignments of error set forth in counsel's brief, petitioner appears to simply argue that the circuit court erred by denying his petition for a writ of error coram nobis. According to petitioner,

> [i]f you look on the face of the indictment where is says count one and count [two] the code number on count [two] doesn[']t match the charge of third degree sexual abuse it matches third degree sexual assault and in my sentencing order the State said that two corrections needed to be made and that is a should be ["e"] in Obrien[sic] and the second is sexual abuse sh[o]uld read sexual assault . . . .[2]

He also questions how the State could "bring up the sexual abuse after it was dismissed with prejudice even though it's a lesser included offense . . . ."

We recently set forth the following standard with regard to petitions for writs of coram nobis:

> A claim of legal error may be brought in a petition for a writ of error coram nobis only in extraordinary circumstances and if the petitioner shows that (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) there exists a substantial adverse consequence from the conviction; and (4) the error presents a denial of a fundamental constitutional right.

Syl. Pt. 5, *State v. Hutton*, 235 W. Va. 724, 776 S.E.2d 621 (2015).

As respondent points out, both petitioner's brief filed by counsel and his supplemental brief, filed as a self-represented litigant, fails to comply with Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure. We agree, as counsel's brief contains no substantive argument section or any citation to authority, and petitioner's supplemental brief lacks any citation to the record or citation to law. Moreover, in its May 25, 2021, order, the circuit court thoroughly

---

> In extraordinary circumstances, if counsel is ethically compelled to disassociate from the contentions presented in the brief, counsel must preface the brief with a statement that the brief is filed pursuant to Rule 10(c)(10)(b). Counsel should not inject disclaimers or argue against the client's interests. If counsel is ethically compelled to disassociate from any assignments of error that the client wishes to raise on appeal, counsel must file a motion requesting leave for the client to file a pro se supplemental brief raising those assignments of error that the client wishes to raise but that counsel does not have a good faith belief are reasonable and warranted.

[2] The sentencing order provides that the presentence investigation report includes three mistakes: (1) the prosecutor's name should be O'Brien rather than O'Brian; (2) sexual abuse should read "sexual assault;" and (3) the case number was mistakenly listed as 01-F-124-3 when the actual number is 01-F-121-3.

4

reviewed petitioner's claims and petitioner presents no argument before this Court that the court's analysis or conclusions of law were somehow improper. Further, upon our review of the plea agreement at issue, we agree with the circuit court's finding that it does not contain any language regarding limiting the amount of time petitioner must register as a sex offender. That plea agreement specifically spells out, in the first numbered paragraph, that petitioner "will enter a plea of guilty to the misdemeanor charge of sexual abuse in the third degree, a lesser included offense [] contained in Count One of the above captioned matter . . . ." In addition, the plea agreement advised petitioner that he was required to comply with the provisions of the West Virginia Sex Offender Registration Act. Petitioner was sentenced accordingly and given what the circuit court characterized as a lenient sentence. For these reasons, we find that the circuit court correctly denied petitioner's petition for a writ of error coram nobis.

Affirmed.

**ISSUED:** May 26, 2022

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton

**NOT PARTICIPATING:**

Justice C. Haley Bunn